IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH DEGROOT, <br> ATTORNEY IN FACT FOR <br> ROGER DEGROOT, <br><br>                 Plaintiff, <br><br>                 v. <br><br> METROPOLITAN LIFE INSURANCE <br> COMPANY and LUCENT <br> TECHNOLOGIES INC., <br><br>                 Defendants. | CIVIL ACTION <br><br> No. 02-CV-3577 |

## **DEFENDANTS' AMENDED ANSWER WITH AFFIRMATIVE DEFENSES**

The defendants, Metropolitan Life Insurance Company ("MetLife") and Lucent Technologies, Inc. ("Lucent") file the following Answer With Affirmative Defenses:

1. Admitted in part and denied in part. It is admitted that the file includes a Power of Attorney naming Elizabeth Degroot as Attorney-in-Fact for Roger Degroot. The defendants are without sufficient information or knowledge to form a belief as to the remaining allegations in paragraph 1 of the complaint and the same are therefore denied. In addition, the documents speak for themselves.

2. Admitted. In addition, MetLife's principal place of business is located at One Madison Avenue, New York, New York.

3. Admitted.

## COUNT I

## VIOLATION OF FIDUCIARY DUTY

4.   Defendants' responses to paragraphs 1 through 3 of the complaint are incorporated herein.

5.   The allegations set forth in paragraph 5 of the complaint are conclusions of law to which no responses are required.  To the extent responses are required, the allegations are denied.

6.   Denied.

7.   Admitted.  It is admitted that plaintiff was offered life insurance at one time while employed at Lucent or its predecessors.

8.   Admitted in part and denied in part.  It is admitted that plaintiff retired on December 31, 1989.  The remaining averments contained in paragraph 8 of the complaint are denied.

9.   Denied.

10.  It is admitted that Lucent would deduct contributions towards plaintiff's group life insurance coverage from his pension checks in accordance with the terms of the Plan.  MetLife denies all of the allegations in this paragraph.

11.  Denied.  The allegations set forth in paragraph 11 of the complaint are conclusions of law to which no responses are required.

12.  Denied.

13.  Denied.  The allegations set forth in paragraph 13 of the complaint are conclusions of law to which no responses are required.

14.  Denied.  The allegations set forth in paragraph 14 of the complaint are conclusions of law to which no responses are required.

15. It is admitted that plaintiff's group life insurance benefits under the Lucent Plan terminated, in accordance with the terms of the Plan, thirty-one days after plaintiff turned 65 years old.

16. Denied. The defendants are without sufficient information or knowledge to form a belief to the truth of the averments contained in Paragraph 16 of the complaint and the same are therefore denied.

17. Admitted in part and denied in part. It is admitted that plaintiff is not eligible to have his group life insurance benefits under the Plan reinstated in accordance with the terms of the Plan. With respect to the remaining allegations in paragraph 17 of the complaint, the defendants are without sufficient information or knowledge to form a belief to the truth of the averments and the same are therefore denied.

18. Denied.

19. Denied.

20. It is admitted that plaintiff has attempted to pursue administrative remedies. In addition, the documents speak for themselves.

21. The documents speak for themselves.

22. Denied.

23. Denied. Plaintiff is not entitled to any benefits under the Plan.

WHEREFORE, Defendants MetLife and Lucent request that the complaint be dismissed and judgment be entered against plaintiff and that all costs be awarded to defendants.

## **AFFIRMATIVE DEFENSES**

24. Plaintiff fails to state a claim upon which relief can be granted.

25. The complaint must fail because ERISA preempts the application of state law as it may relate to the claims asserted.

26. Plaintiff's remedies for any alleged act or omission are limited solely to those afforded by ERISA, as plaintiff's claims are governed by ERISA.

27. Defendants have discharged their duties with respect to the Plan in the interest of the Plan participants and their beneficiaries, and, in doing so, Defendant acted in accordance with the documents and instruments governing the Plan.

28. Plaintiff's claims are barred because Defendants' claims determinations were not arbitrary, capricious, unreasonable or made in bad faith.

29. Defendants have fully performed their contractual duties under the Plan, as well as other duties, if any, owed to the plaintiff, and plaintiff is estopped from asserting any cause of action against Defendants.

30. ERISA and applicable law do not allow for punitive damages.

31. Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

32. Plaintiff is not entitled to a jury trial under ERISA.

33. Defendants reserve the right to assert any further defenses which may become known during the pendency of this action.

34. Plaintiff has failed to mitigate his damages.

35. Plaintiff has failed to state a claim upon which relief can be granted for breach of fiduciary duty.

36. If any damages or costs are ultimately awarded to Plaintiff, they shall be offset by any retroactive premium costs which Plaintiff would have been required to pay Defendant in order to convert to individual life insurance coverage as described under the Plan.

WHEREFORE, Defendants MetLife and Lucent request that judgment be entered against plaintiff and all costs awarded to Defendants.

Respectfully submitted,

_____
Daniel E. Wille (PA I.D. No. 39045)
Cher E. Wynkoop (PA I.D. No. 85482)
Michael D. Jones (PA. I.D. No. 65540)

REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-4584

Dated:  December ___, 2002

Counsel to Defendants

## **CERTIFICATE OF SERVICE**

I, _____, certify that on this date, I served a certified true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

>Donald P. Russo, Esquire
>P.O. Box 1890
>Bethlehem, PA  18016-0890

Date:  December _____, 2002                    _____