## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH DEGROOT, | )  |
| ATTORNEY IN FACT FOR | )  CIVIL ACTION |
| ROGER DEGROOT, | )  |
|  | )  No. 02-CV-3577 |
| Plaintiff, | )  The Honorable James K. Gardner |
|  | )  |
| v. | )  |
|  | )  |
| METROPOLITAN LIFE INSURANCE | )  |
| COMPANY and LUCENT | )  |
| TECHNOLOGIES INC., | )  |
|  | )  |
| Defendants. | )  |

### UNOPPOSED MOTION TO MODIFY SETTLEMENT/TRIAL SCHEDULE

Defendants Metropolitan Life Insurance Company and Lucent Technologies Inc. move that the Settlement Conference and the Trial Schedule be modified as follows.

1. On or about January 21, 2003, this Court entered the <u>Non-Jury Attachment Order</u>, scheduling a non-jury trial to commence on February 24, 2003 in Allentown, Pennsylvania.

2. On or about January 22, 2002 this Court entered the <u>Settlement Conference Scheduling Order</u>, advising the parties that a settlement conference would be held on Wednesday February 19, 2003 before the Honorable Arnold C. Rappoport in Allentown, Pennsylvania.

3. On Monday, February 13, 2003, the Defendants filed a supported <u>Motion For Summary Judgment</u>, arguing that Plaintiff had failed to state a claim under ERISA and, *inter alia*, that:

- As a matter of law, ERISA preempts state laws relating to the right to convert a death benefit under an ERISA plan;

- As a matter of law, Delaware, not Pennsylvania law would apply in this case, if state laws were not preempted by ERISA, because the group policy funding the plan was issued, delivered and sitused in Delaware;

- As a matter of law, even if the ERISA plan failed to provide notice of conversion rights, Plaintiff is not entitled to relief, because no conversion request was received within 91 days of his attainment of age 65 under the law of either Delaware or Pennsylvania.

- In any event, the ERISA plan provided Plaintiff notice of conversion rights in conformity with state law, if Delaware (or Pennsylvania) law were applied in the absence of preemption; and

4. Defendants believe that it would conserve judicial resources and those of the parties if the settlement conference and trial were postponed, because the opportunity to fully brief the Defendants' <u>Motion For Summary Judgment</u> will permit the Court and the parties to more appropriately evaluate their positions for settlement and trial purposes.

5. Consequently, Defendants request that the settlement conference and trial be postponed until the Court has ruled on the Defendants' <u>Motion For Summary Judgment</u>.

-3-

6. This present motion is not opposed by Plaintiff.

|  | Respectfully submitted, <br><br> _____ <br> Daniel E. Wille (PA I.D. No. 39045) <br> Cher E. Wynkoop (PA I.D. No. 85482) <br> Michael D. Jones (PA I.D. No. 65540) <br> REED SMITH LLP <br> 435 Sixth Avenue <br> Pittsburgh, PA 15219 <br> (412) 288-3294/4584 |
|---|---|
| Dated: | Counsel to Defendants |

-4-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a true and correct copy of the foregoing **UNOPPOSED MOTION TO MODIFY SETTLEMENT/ TRIAL SCHEDULE** was served upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

Donald P. Russo, Esquire
P.O. Box 1890
Bethlehem, PA  18016-0890

_____

Date:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH DEGROOT, | | |
| ATTORNEY IN FACT FOR | ) | CIVIL ACTION |
| ROGER DEGROOT, | ) | |
| | ) | No. 02-CV-3577 |
| Plaintiff, | ) | The Honorable James K. Gardner |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY and LUCENT | ) | |
| TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

    **AND NOW**, this ___ day of _____, 2003, the Defendants having filed an unopposed motion to modify settlement/trial schedule, and the Court having given the matter due consideration, **IT IS ORDERED**, that the motion be, and the same hereby is, granted; and

    **IT IS FURTHER ORDERED**, that the settlement conference and trial are postponed and continued until further notice.

    _____