UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH DEGROOT,<br>ATTORNEY IN FACT FOR<br>ROGER DEGROOT,<br><br>        Plaintiff,<br><br>        v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY and LUCENT<br>TECHNOLOGIES INC.,<br><br>        Defendants. | CIVIL ACTION<br><br>No. 02-CV-3577<br><br>The Honorable James K. Gardner |

**DEFENDANTS' WRITTEN SUMMARY OF CASE**

This case involves Plaintiff's claim to be entitled to convert death benefit coverage under the terms of the Lucent Technologies Inc. ("Lucent") Group Term Supplemental Life Insurance Plan ("Plan"), an employee welfare benefit plan, as defined by Section 3(1) of the Employee Retirement Income Security Act of 1974, 26 U.S.C. §1001 et seq., as amended ("ERISA"), into an individual life insurance policy.

The Plaintiff filed a one count complaint: Breach of Fiduciary Duty under ERISA, which referenced violation of 40 PS 532.7.

Plaintiff alleges he was not informed that he had the right to convert the death benefit under the Plan that terminated upon his attainment of age 65. There literally is no basis upon which Plaintiff can claim even a colorable claim for relief.

It cannot be disputed that he was provided with notice in 1987, 1993 and 1996, based upon his deposition and the procedures followed by UMS, a mailing service employed by Lucent to provide copies of summary plan descriptions and other periodic benefit information to retirees.

In any event, this notice was provided even though there was no applicable legal requirement under state law to do so. Defendants have filed a supported motion for summary judgment demonstrating:

- No ERISA breach of fiduciary duty claim has been stated and, rather, Plaintiff has stated a claim for benefits under ERISA Sec. 502(a)(1)(B) which has no merit for the reasons that follow;

- As a matter of law, ERISA preempts state laws relating to notice of the right to convert a death benefit under an ERISA plan to individual coverage;

- As a matter of law, Delaware, not Pennsylvania law would apply in this case, if state laws were not preempted by ERISA, because the group policy funding the plan was issued, delivered and sitused in Delaware;

- As a matter of law, even if the ERISA plan failed to provide notice of conversion rights, Plaintiff is not entitled to relief, because no conversion request was received within 91 days of his attainment of age 65 under the law of either Delaware or Pennsylvania; and

- In any event, the ERISA plan provided Plaintiff notice of conversion rights in conformity with state law, if Delaware (or Pennsylvania) law were applied in the absence of preemption.

- In any event, ERISA does not impose a duty of individualized advice or notice such as would require every plan administrator and/or every insurer in the Commonwealth of Pennsylvania, beyond the provision of a summary plan description, to provide personal notice to participants when circumstances result in a change of their status affecting their coverage.

Dated February 21, 2003                              Respectfully submitted,

                                                      Daniel E. Wille (PA I.D. No. 39045)
Michael D. Jones (PA I.D. No. 65540)
Cher E. Wynkoop (PA I.D. No 85482)
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3294/4584

Counsel to MetLife and Lucent

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, a true and correct copy of the foregoing **DEFENDANTS' WRITTEN SUMMARY OF CASE** upon the following counsel of record, by faxing the same to the following:

Donald P. Russo, Esquire<br>
P.O. Box 1890<br>
Bethlehem, PA  18016-0890

_____

Date:  February 21, 2003