IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH DEGROOT, | : | |
| ATTORNEY IN FACT FOR | : | CIVIL ACTION |
| ROGER DEGROOT, | : | |
| | : | No. 02-CV-3577 |
| Plaintiff, | : | The Honorable James K. Gardner |
| | : | |
| v. | : | |
| | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY and LUCENT | : | |
| TECHNOLOGIES INC., | : | |
| | : | |
| Defendants. | : | |

DEFENDANTS' AMENDED PRETRIAL MEMORANDUM

The following information is submitted in accordance with the Non-Jury Trial

Attachment Order filed on January 22, 2003 regarding the above referenced case.

I. SUMMARY OF CASE

This is a straightforward case dealing with a claim for retroactive reinstatement of an

individual life insurance policy, to which Plaintiff failed to timely convert from group life

insurance coverage pursuant to the terms of Defendant Lucent's ERISA group term supplemental

life insurance plan ("Plan"). Plaintiff elected to continue participating in the Plan following his

retirement in 1989. Plaintiff's coverage under the Plan terminated automatically upon his

attainment of age 65, (on July 31, 1999), at which time he had a 31-day period in which to elect

to convert to an individual life insurance policy without proof of insurability. Descriptions of

these termination and conversion privileges were provided to the Plaintiff and all active and

retired employees of AT&T repeatedly, in 1987, 1993 and 1996, pursuant to AT&T's (and later

Lucent's) established practice of providing summary plan descriptions (SPDs) to all active and

retired employees. Plaintiff failed to elect to convert, in accordance with the terms of the Plan

and SPDs, in a timely manner.

Plaintiff alleges he was not given notice of (or does not remember being given notice of) the automatic age-65 termination and conversion privileges in accordance with state law requirements, and that such alleged failure was a breach of Defendants' fiduciary duty to the Plaintiff under the Plan. As a result, Plaintiff appears to claim entitlement under the Plan, to now convert to an individual policy, retroactively to August 1999.

First, an ERISA fiduciary duty breach claim cannot be stated as a matter of law because Plaintiff's claim is simply and solely a "claim for benefits" under an ERISA plan (which does not implicate any fiduciary breach). Second, the Plan's disposition and denial of Plaintiff's claim must be judged under the "arbitrary and capricious" standard, due to its discretion under the Plan to determine benefit eligibility. Because there is no genuine issue of material facts that Plaintiff was repeatedly sent SPDs which contained a conversion right notice, it is not arbitrary and capricious for the Plan to deny him a conversion right he previously waived, neglected, or permitted to expire. Third, the Plan is an ERISA plan and the state law conversion notice requirements cited by Plaintiff are preempted by ERISA and ERISA's SPD requirements, with which Defendants complied. Fourth, even if the state law were not preempted, Lucent's (and AT&T's) repeated provision of the SPD to Plaintiff and all other active and retired employees of AT&T in 1988, 1993 and 1996 would satisfy the state law requirements to provide notice of a participant's conversion rights at least 15 days prior to the coverage termination. Finally, even assuming *arguendo,* that the Defendants failed to abide by the state law notice requirements, such a failure at most resulted in the extension of Plaintiff's conversion period until October 30, 1999 (vs August 31, 1999). Plaintiff failed to inquire about his conversion rights until January 2000. Thus, in any case, Defendants should prevail because Plaintiff failed to elect to convert to an individual policy within the time constraints provided in the Plan and SPDs provided to Plaintiff while an active and retired employee.

II. EXHIBITS

    1. "Degroo" (Bates stamping numbers) 0001-0266

    2. Deposition Transcript of Plaintiff

    3. Payroll/Personnel Documents (nine pages)

    4. Affidavit of Ed Adam – Certification of Universal Mailing Service's mailing procedures for AT&T and Lucent

    5. Deposition Transcript of Ed Adam – Certification of Universal Mailing Service's mailing procedures for AT&T and Lucent

III. EXPERT WITNESSES - None

IV. FACT WITNESSES

    1. Yvonne Longmore (knowledge of administrative record of Plaintiff's claim and appeal process):  Metropolitan Life Insurance Company, 501 U.S. Highway 22, PO Box 6891, Bridgewater, NJ 08807.

    2. Robin Longley (knowledge of administrative record of Plaintiff's claim and appeal process):  Lucent Technologies, Inc., 475 South Street, Morristown, New Jersey 07962.

    3. Ed Adam (knowledge of SPD mailing process for Lucent/AT&T SPDs): Universal Mailing Service,  4998 Lake Tree Lane, Cruzet, VA 22932.

    4. Elizabeth Degroot (knowledge of Plaintiff's mail receipts):  610 Calvert Street, Center Valley, PA 18034.

V. CLAIMANT'S DAMAGES AND/OR OTHER RELIEF SOUGHT – If Plaintiff should prevail, Plaintiff would be required to pay to Defendants the total amount of retroactive premiums and applicable interest from August 1999.

VI. UNIQUE LEGAL AND PROCEDURAL ISSUES

This case may be resolved on summary judgment because there are no genuine issues of fact and questions of law predominate.

As stated in the "Summary of the Case" above, the unique issues involved are (1) the possible dismissal of the case for failure to state the correct ERISA cause of action, (2) the

application of the arbitrary and capricious standard of review for the Plan's denial of Plaintiff's benefit claim under the plan; and (3) ERISA's preemption of any state law conversion notice requirements.

### VII. NAMES/ADDRESSES OF PARTIES

Plaintiff:        Elizabeth Degroot (Attorney in Fact for) Roger Degroot;
610 Calvert Street
Center Valley, Pennsylvania 18034

Defendants:    Metropolitan Life Insurance Company
501 U.S. Highway 22
P.O. Box 6891
Bridgewater, New Jersey 08807

Lucent Technologies, Inc.
475 South Street
Morristown, New Jersey 07962

### VIII. NAMES/ADDRESSES/PHONE OF COUNSEL

Plaintiff Counsel:    Donald P. Russo
P.O. Box 1890
Bethlehem, PA 18016-0890
(610)954-8093

Defendants' Counsel: Daniel E. Wille and Michael D. Jones
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-4584
(215) 851-8871

### IX. OTHER MATTER OF IMPORTANCE FOR EFFICIENT TRIAL OF THE CASE :

The court should rule on the ERISA preemption issues, which will resolve the case in its entirety. Moreover, if the court were to find that ERISA does not preempt state law, then the court should rule on Defendants' Motion for Summary Judgement because it

establishes that a conversion right notice was provided multiple times, thus, eliminating the need for a trial.

Dated:  February 24, 2003                    Respectfully submitted,


_____
Daniel E. Wille (PA I.D. No. 39045)
Michael D. Jones (PA I.D. No. 65540)
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3294/4584

Counsel to MetLife and Lucent

CERTIFICATE OF SERVICE

I, Daniel E. Wille, certify that on this date, I served a certified true and correct copy of the foregoing Defendants' Pre-Trial Memorandum upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

Donald P. Russo, Esquire
P.O. Box 1890
Bethlehem, PA  18016-0890

_____
Daniel E. Wille

Date:  February 24, 2003